IN THE MATTER OF THE PETITION OF THOMAS F. MASON AND OTHERS, RESPONDENTS, *v.* DIEDRICH WILLERS, JR., SECRETARY OF STATE, APPELLANT.

*Mandamus — motion for, where to be made — 3 R. S. (5th ed.), 898, § 16 — Code, § 471.*

A motion for a mandamus to compel the Secretary of State to file a certificate of incorporation can only be made in the third judicial district, or in a county adjoining thereto.

*People ex rel. Cugger* v. *Supervisors* (2 Abb. [N. S.], 78), followed.

Section 471 of the Code does not authorize a motion for a mandamus to be made in any different place, from that designated for motions in other cases.

APPEAL from an order made at Special Term, in the county of Kings, directing the issuing of a peremptory mandamus to the Secretary of State, requiring him to file in his office a certain certificate whereby the petitioners proposed to create a corporation.

*Daniel Pratt,* attorney general, and *Peter B. Olney,* for the appellant.

*Robert Sewell,* for the respondents.

BARNARD, P. J.:

The motion for a mandamus against the Secretary of State was made on the petition and notice to defendant of its presentation in the county of Kings. If an issue should be found in proceedings for mandamus, the same would be triable in the county of Albany. (3 R. S. [5th ed.], 898, § 16.) In a similar case the General Term of the third district decided that the motion could not be made, except in the district in which the issue would be triable, or in a county adjoining the county in which it was triable, according to section 401 Code, subdivision 4. (2 Abb. [N. S.], 78.)

It is argued by the respondent in this case, that that case is not binding, because the court overlooked section 471 of the Code. By that section it is provided that the second part of the Code (in which section 401 is contained) shall not affect proceedings for mandamus. I do not think this section was designed to authorize

a different place for a motion for a mandamus on notice, than from that designated for motions in other cases.

There is no reason to suppose that the General Term of the third district overlooked this section.

TALCOTT, J.:

This is an appeal from an order made at a Special Term, in the county of Kings, directing the issue of a peremptory mandamus to the Secretary of State, requiring him to file in his office at Albany a certain certificate whereby the petitioners propose to create a certain corporation. The attorney-general appeals from the order, and takes the preliminary objection that the motion cannot be made in Kings county, but should have been made in the county of Albany. The office of the Secretary of State is by law located in the city of Albany, and the ground of this proceeding is an alleged failure and refusal of the Secretary of State to file a paper in his office which was tendered and offered to him there. The precise point as to where this motion should be made is ruled against the petitioners by the General Term of the third district, in the case of *Cagger* v. *the Supervisors of Schuyler county* (2 Abb. [N. S.], 78). So far as we understand, that decision has been acquiesced in, at least generally. In view of the great inconvenience and detriment to the public business which must result if motions of this character can be made in any one of the numerous Special Terms of the State, and public officers be compelled to justify their official acts, at all times, away from the neighborhood of their offices and their books and papers, we are disposed, without going in detail over the reasoning by which the General Term of third district reached the conclusion, to adhere to the decision referred to until it shall have been reviewed by some higher authority.

Order reversed with costs and disbursements of appeal.

Present — BARNARD, P. J., and TALCOTT, J. PRATT, J., not sitting

Order reversed, with costs and disbursements.